# Sapp *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Master and servant—Street railways—Motorman— Repair car—Collision—Rule of company—Case for jury.*

In an action by an employee, against a street railway company, to recover damages for personal injuries, sustained in a head-on collision between a repair car operated by the plaintiff, and another car on defendant's single track line, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where it appears that a rule of the company required that extra cars should precede, and not follow regular cars; that at the time of the accident plaintiff was operating a repair car in violation of such rule, so that when the regular car preceding him passed at a switch, another car bound in the opposite direction, the motorman of the latter relying upon the rule of the company that no extra car would follow the regular car, started onward as soon as the regular car passed, and the collision resulted; and plaintiff testified that the general manager had directed him to follow the regular car in violation of the rule, although such statement was denied by the manager and by others present at the time the order was given,

who testified that the direction was to lead, not to follow, the regular car.

Argued Feb. 9, 1916. Appeal, No. 401, Jan. T., 1915, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1914, No. 223, on verdict for plaintiff in case of Joseph A. Sapp v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The collision in which plaintiff was injured took place on a clear morning on a sharp curve on the Essington Division, a single track line, of the Philadelphia Rapid Transit Company. Intervening objects obstructed the view of the motormen of the two cars until too late for them to avert the collision.

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $4,500, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*William I. Schaffer,* with him *J. Borton Weeks,* for appellant.—The plaintiff's statement as to how the order was given is entirely discredited and is unworthy of belief: Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610; Holland v. Kindregan, 155 Pa. 156; Schley v. Susquehanna & New York R. R. Co., 227 Pa. 494; Hamilton v. Central R. R. of N. J., 227 Pa. 137; Underwood v. Pittsburgh Rys. Co., 238 Pa. 332.

*William Taylor,* for appellee.—The order given by the defendant's general manager to follow the regular car was negligence: Reese v. Jones & Laughlin Steel Co.,

243 Pa. 336; Ainsley v. Pittsburgh, Cin., Chicago & St. Louis Ry. Co., 243 Pa. 437; Clark v. Millett, 57 Pa. Superior Ct. 287.

Such order to a certain extent relieved the plaintiff of ordinary responsibility: Lee v. Woolsey, 109 Pa. 124; Dougherty v. Dobson, 214 Pa. 252; Reber v. Alsace Township, 49 Pa. Superior Ct. 465.

Plaintiff's knowledge of the general rule that extra cars should precede and not follow regular cars is unimportant: Dougherty v. Dobson, 214 Pa. 252.

The remedy for the wilful or capricous disregard of testimony is the granting of a new trial: Rauch v. Smedley, 208 Pa. 175.

OPINION BY MR. JUSTICE POTTER, May 8, 1916:

In his statement of claim filed in this case, plaintiff charged the defendant with negligence in the following particulars:

1. While plaintiff, as motorman, was running a car according to instructions upon defendant's railway, another car, also operated in obedience to defendant's orders, carelessly ran with great force into the car operated by plaintiff.

2. That defendant company employed incompetent persons to control the operation of its railway, who negligently directed plaintiff to run his car over a portion of the line, knowing that it was at the time unsafe to do so, because another car was then coming over its single track railway, in an opposite direction.

3. That defendant company negligently operated its railway without a signal system, or dispatcher.

4. That it employed an incompetent motorman to operate the car which collided with the car plaintiff was running.

The record does not show that any evidence was produced at the trial tending to show that the car with which plaintiff's car collided was operated in obedience to orders or instructions of defendant. Nor was

there a particle of evidence tending to show that the defendant company employed incompetent persons to control the operation of its road, or that orders were given to plaintiff to take his car out, when it was known that another car of defendant was coming in the opposite direction, with which there would be danger of collision. Nor was there any testimony tending to support the charge that the defendant company negligently operated its railway without a signal system or dispatcher, or that it employed an unfit motorman to operate the car with which plaintiff's car collided.   The case seems to have been tried upon a theory which is not disclosed in the statement of claim.   The fact was brought out that the defendant company had a written rule which, in the·interest of safety, required all special or extra cars to precede the regular cars, so that the operator of a car waiting upon a switch or turnout could take it for·granted that nothing was following the regular car which had passed, and that the track was clear to the next switch. In the present case, on the day of the accident, the plaintiff was operating a repair car.   He testified that he overheard what he regarded as an order to take his car out, given by the general manager, and as he understood it, he was to follow a regular car.   This was in violation of the safety rule to which reference has just been made, as that would have required him to precede the regular car.   The theory upon which the trial then proceeded, seemed to be that plaintiff followed the regular car at some distance behind, and, when the regular car, at the next switch, met another car bound in the opposite direction, the motorman of the other car, relying upon the rule that no extra car would follow the regular car, started onward as soon as the regular car passed, and, as a result, the collision occurred.   Under the evidence, then, the question of defendant's negligence came down to one narrow point.   Did the general manager, Mr. Moore, in violation of the general rule, direct plaintiff to go out upon the line after the regular car had passed, in-

stead of preceding it, thus exposing him to undue and unreasonable risk?   Unless he did issue such an order, there was no basis whatever, upon which to sustain the charge of negligence.   The question was one of fact.   Although the evidence in support of plaintiff's contention was weak, and consisted chiefly in his own uncorroborated statement, yet we cannot say that it was not enough to justify its submission to the jury.   Plaintiff did not claim that the order to take the car out was given directly to him, but he says that he heard Moore, the general manager, tell Hunter, the lineman, to get him (plaintiff) and follow the Essington car.   Several persons, other than plaintiff, were present when the order was given, and they all agree in their testimony, that the order was not given as plaintiff understood it, and moreover it is admitted that the order was not addressed to him; he simply overheard it, and according to the other witnesses he misunderstood it.   But the testimony, as to the wording of the order, was contradictory, and the credibility of the plaintiff was for the jury.   A circumstance, possibly corroborative of the plaintiff's theory, was the fact that the general manager was apparently present, at or about the time when the repair car left, but took no steps to prevent it from following the regular car at some distance behind, when, under the rule, it should have preceded the regular car.   In their statement of the questions involved in this appeal, counsel for appellant set forth only questions of fact, and in the assignments of error, they complain only of the refusal of binding instructions, and of the motion for judgment non obstante veredicto.   No question is raised as to the adequacy of the charge.   The circumstances disclosed by the evidence called for careful explanation to the jury, by the trial judge, of the difference between interested and disinterested testimony, and the jury might well have been cautioned against an arbitrary or capricious disregard of the weight of the evidence, which upon the essential point in the case was so strongly in favor of

defendant.    The proper method of presenting such questions to the jury was discussed in Davies v. Philadelphia Rapid Transit Co., 228 Pa. 176, and in Cohen v. Philadelphia Rapid Transit Co., 228 Pa. 243, where in each case the inadequacy of the charge in the presentation of these questions required a reversal.    But there is here no assignment in which the adequacy of the charge is questioned.

The judgment is, therefore, affirmed.