OSCAR JORGENSEN, Appellant and Respondent, *v.* HUGO JAEGER, Appellant, and HARRY KLEIN, Respondent, Impleaded with Another.

(Argued June 11, 1931; decided July 15, 1931.)

*Otho S. Bowling* and *Fred J. Munder* for plaintiff, appellant and respondent. It was a question for the jury whether defendant-respondent was responsible for the operation of his car. (*Grant* v. *Knepper,* 245 N. Y. 158; *Ferris* v. *Sterling,* 214 N. Y. 249.) The proof supports a finding that the mechanic was at the time of the accident engaged in a road test. (*Drollinger* v. *McCurdy,* 228 App. Div. 664; *Psota* v. *Long Island R. R. Co.,* 246 N. Y. 388.) The Appellate Division was correct in holding that the amount of the doctor and hospital bills for entire family as shown by the proof should have been inserted in the verdict. The judgment against defendant-respondent, if it be held that the verdict against him should stand, should be increased accordingly. (*Hodgkins* v. *Mead,* 119 N. Y. 166; *Tenenbaum* v.

*Cohen,* 100 Misc. Rep. 360; *Fox Co.* v. *Wohl,* 255 N. Y. 268; Abbott's Civil Jury Trials [4th ed.], 823; *Selig* v. *Alexander,* 185 App. Div. 322; *Kjerschow* v. *Daggs,* 24 Ariz. 207.)

*Daniel Mungall* for defendant-appellant. The Appellate Division erred in holding that there was evidence which destroyed the presumption of control as matter of law. (*Schultze* v. *McGuire,* 241 N. Y. 460; *Chaika* v. *Vanderberg,* 252 N. Y. 101; *Drollinger* v. *McCurdy,* 228 App. Div. 64.) The Appellate Division erred in assessing the additional $2,042.80. (*Hooper* v. *Beecher,* 109 N. Y. 609; *Raymond* v. *Tiffany,* 115 App. Div. 350; *McIntyre* v. *German Savings Bank,* 59 Hun, 536; *Farber* v. *Demino,* 254 N. Y. 363.)

*Frank J. McMann* and *Frederick Mellor* for defendant-respondent. The evidence conclusively shows that defendant-respondent's automobile was being used and operated without his permission. (*Ferris* v. *Sterling,* 214 N. Y. 249; *Der Ohannessian* v. *Elliott,* 233 N. Y. 236; *Drollinger* v. *McCurdy,* 228 App. Div. 664; *Psota* v. *L. I. R. R. Co.,* 246 N. Y. 388; *Chaika* v. *Vandenberg,* 252 N. Y. 101; *Fallon* v. *Swackhamer,* 226 N. Y. 444.)

CRANE, J. Oscar Jorgensen recovered a verdict against the defendants Hugo Jaeger and Harry Klein for damages sustained in a collision between automobiles on the Jericho turnpike in the town of Huntington, Suffolk county, on the 6th day of October, 1929. By consent of counsel a sealed verdict was ordered to be returned and opened in the absence of the jury. When opened the verdict read as follows: " The verdict is for the plaintiff, Oscar Jorgensen, $15,000; $500 for automobile, Mrs. Jorgensen, $2,000; Gunvor Jorgensen, $5,000; also all the doctors'· and hospital bills for entire family, against defendants Hugo Jaeger and Henry Klein."

On motion to correct the verdict the court struck out the $2,000 and $5,000 provisions and also the allowances for doctors' and hospital bills for the entire family.

The judge had charged the jury, without objection, that they should allow for the doctors' and hospital bills if they found for the plaintiff. On appeal, the Appellate Division modified the amount of the judgment by increasing it to the extent of $2,042.80, the undisputed total of the doctors' bills and hospital charges. The evidence, not disputed, shows this total to be correct. Having amended the judgment, the Appellate Division affirmed it as to Jaeger. The appeal, however, of the defendant Harry Klein was sustained; the judgment against him reversed upon the law, and the complaint dismissed.

The plaintiff has appealed to this court from the reversal as to Klein; and the defendant Jaeger has appealed from the modification and affirmance of the judgment against him.

There being sufficient evidence to sustain the verdict against Jaeger, and the expenses not being questioned, we affirm the judgment of the Appellate Division as to this defendant.

We reverse the judgment dismissing the complaint against Klein and reinstate the judgment of the trial court as modified and increased by the Appellate Division. The recovery will be a joint judgment against both Jaeger and Klein for the same amount.

As the reversal by the Appellate Division was upon the law, it has been our duty to examine the record to see whether there was any substantial evidence to sustain the verdict of the jury holding Klein guilty of negligence in connection with this accident. The following recital of the testimony will show that there is evidence from which the jury were justified in inferring that Klein had authorized the use of his car on the night in question. That he was the owner of the colliding car is admitted. Carroll Ruppert was a resident of the Bronx engaged in the trucking business. He was a friend of Harry Klein. On October 4, 1929, Klein turned over his automobile to him, saying that he would not use the car for a few

days during the Jewish holidays and requesting Ruppert to fix it up for him. He also told Ruppert " to give the car a road test, to bring it in good shape and in perfect condition." Ruppert had no regular repair shop and was not in the automobile repair business. He had driven this car with Klein's permission on other occasions. " We were always on friendly terms," said the witness Ruppert. " I done his work. * * * He has asked me on a number of occasions, when little things would go wrong with his car, to take his car out and drive it around and see what was the matter with it, sort of test it out and see if I could find what the trouble was."

Two days after receiving the car, and on Sunday evening, the 6th of October, 1929, Ruppert, with his employee Reutter, drove down the Jericho turnpike, on which occasion the accident happened through the negligence of Reutter and Jaeger, resulting in the injury to the plaintiff.

Considering the interest of Klein as the owner of the car and Ruppert's friendship for him, together with the fact that the latter had the Hupmobile with Klein's permission, with authority to make road tests, can we say as matter of law that Ruppert was driving on the Jericho turnpike on this Sunday night without the permission, authorization or consent of the owner? The inference could reasonably be drawn that Klein had loaned his car to his friend Ruppert as he had on other occasions for the purpose of use, and that the trip on this Sunday night to Huntington was with the implied authority and consent, even if not with the knowledge of the owner. Whether the story about the repairs was a true version of the transaction was a question for the jury. Even the story as told gives authority to Ruppert to make road tests with the car. Where and when were these to be made, and for how far and how long were they to continue? With this uncertainty and indefiniteness regarding the permission given, we cannot say as

matter of law that the Jericho turnpike after sundown was not within the domain of the authority bestowed upon Ruppert by Klein.

These reasons move us to the above conclusions which, to repeat, are as follows: The judgment against the defendant Jaeger as modified by the Appellate Division should be affirmed, with costs to the plaintiff; the judgment of the Appellate Division dismissing the complaint against the defendant Klein should be reversed, and the judgment of the trial court against said defendant Klein increased to the extent directed by the Appellate Division against the defendant Jaeger, and as thus increased affirmed, with costs to the plaintiff against the defendant Klein in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.