JEANNETTE ZUCKERMAN, Appellant, *v.* GEORGE F. PARTON, Respondent.

JOSEPH ZUCKERMAN, Appellant, *v.* GEORGE F. PARTON, Respondent.

(Argued December 14, 1932; decided January 10, 1933.)

*Thomas A. McKennell, Jacob A. Bernstein, Aaron Goody* and *Junius P. Abramson* for appellants. Irrespective of the character of the proof by which it was sought to establish the garage owner's status as that of an independent contractor, the fact that he occupied that relation constituted no ground for the dismissal of the complaints in view of the inference of defendant's permission to use the car which the jury would have been at liberty to draw from the evidence. (*Jorgensen* v. *Jaeger*, 257 N. Y. 171; *O'Tier* v. *Sell*, 226 App. Div. 434; 252 N. Y. 400; *Samiof* v. *Kehn*, 131 Misc. Rep. 764; 226 App. Div. 842; *Drollinger* v. *McCurdy*, 228 App. Div. 664.) By its terms the statute applies whenever there is either express or implied permission by the owner to use his car, whether in his business or otherwise; and, in the absence of any limitation upon that permission, the owner should be liable. (*Fluegel* v. *Coudert*, 244 N. Y. 393; *Grant* v. *Knepper*, 245 N. Y. 158; *Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Cohen* v. *Neustadter*, 247 N. Y. 207; *Plaumbo* v. *Ryan*, 213 App. Div. 517; *Glasgow* v. *Weldt*, 218 App. Div. 749; *Roche* v. *New York Central R. R. Co.*, 221 App. Div. 497; *Leppard* v. *O'Brien*, 225 App. Div. 162; *Amann* v. *Thurston*, 133 Misc. Rep. 293; 224 App. Div. 874.)

*Joseph F. Hanley* for respondent. There is nothing in the evidence that suggests in any way that any permission, either express or implied, was ever given to the garage manager to use the car. (*Drollinger* v. *McCurdy*, 228 App. Div. 664.) No permission having been granted to the garage to use the car, the acts of the driver relieved the defendant of any liability. (*Fluegel* v. *Coudert*, 244 N. Y. 393.)

CRANE, J. The plaintiff's evidence in these cases did not justify a dismissal; there was presented a question of fact which should have been submitted to the jury.

George F. Parton, the defendant, was the owner of a Chevrolet automobile which he was accustomed to leave at the Gramatan Garage in Bronxville before taking the train to New York city, where he was engaged in business. In the evening, on his return, he would pick up the car at the garage and drive home. A few days before the 25th day of October, 1924, he had been informed that his battery needed replacing, and he left it at the garage in the charge of the manager, one Niel G. Larsen. Shortly thereafter, George E. Ryan, Jr., a son of the proprietor, who worked around the garage, took the car and, while operating it, caused injury to the plaintiff. There is evidence in the case from which it might reasonably be inferred that Ryan took the car to Mount Vernon or some other convenient place to get a new battery in accordance with the demands of the owner and the needs of the car. Under these circumstances the question arose whether the car was being operated with the permission, express or implied, of the owner, pursuant to section 59 of the Vehicle and Traffic Law (Cons. Laws, ch. 71, formerly section 282-e of the Highway Law).

The trial judge evidently, judging from the remarks made upon the motions, considered the Gramatan Garage, or the proprietor, George Ryan, Sr., an independent contractor for whose acts the defendant owner would not be responsible. He followed, as was his duty,

the ruling in *Drollinger* v. *McCurdy* (228 App. Div. 664), where this law was stated by a divided court of the Appellate Division.

Section 59 of the Vehicle and Traffic Law has somewhat restricted the common-law rule regarding non-liability for the negligence of an independent contractor. This oft-repeated section we quote again: " Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The restriction referred to comes in at this point. The statute refers to the use of the automobile with the permission, express or implied, of the owner. If, therefore, an owner leaves his car in a garage or repair shop to have such work done upon it that a road test is necessary, and he has reason to know or to believe that the car is, or will be, used upon the public highway by the garage contractor in the necessary performance or execution of that work, then in such a case the use of the car is with the implied permission of the owner and he is liable for the negligence of the garage repair shop or its servants. Every class of work or repair done upon a car does not necessarily carry with it this implied permission. Perhaps it is seldom necessary for a garage man to use the owner's car upon the street or take it out of the shop for the purpose of making repairs or adjusting the equipment. We must limit this ruling, as we do, to the case where the circumstances or the nature of the work is such as to suggest or indicate to a reasonably prudent person that the car must be, or will be, used to accomplish the work or the repair. Such has been the intimation of this court,

although not actually decided, in *Jorgensen* v. *Jaeger* (257 N. Y. 171) and *O'Tier* v. *Sell* (226 App. Div. 434; revd., 252 N. Y. 400).

Applying this restriction or limitation of the contractor rule to this case, what are the questions of fact which must be decided? The car needed a new battery and the plaintiff left it at the Gramatan Garage for the purpose of having a new one installed. Did the employee of the garage take the car out for the purpose of getting a new battery or merely for his own pleasure and convenience? If the car were taken to Mount Vernon or elsewhere for a new battery was it necessary or reasonable to use the owner's car for this purpose? Were the circumstances and surroundings such that the owner had reason to anticipate that his car might be used for such a purpose? Without knowing all the facts and circumstances it is difficult to apply with precision a rule which may be easily stated. The point of it all is that the statute makes the owner liable when the car is used with his implied permission, and that permission is implied when he leaves his car with a garage or repairman under such circumstances and for such work that he should have contemplated or anticipated that it would be used upon the street or roadway in the performance of that work.

While the evidence in these cases is somewhat meagre, we find it sufficient to justify the submission of them to the jury.

In each case the judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to the plaintiff to abide the event.

POUND, Ch. J., O'BRIEN, HUBBS and CROUCH, JJ., concur; LEHMAN and KELLOGG, JJ., dissent on the ground that the evidence does not justify the inference that the defendant should have contemplated or anticipated that the car would be used upon the street in the performance of the work.

Judgments reversed, etc.