NELLIE HAMMERSMA, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JACOB EDWIN HAMMERSMA, DECEASED, RESPONDENT, v. HENRY L. SMITH AND BENJAMIN HORNSTRA, APPELLANTS.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellants, *Kellogg & Chance.*

For the respondent, *Aaron L. Simon.*

Per Curiam.

This is an appeal by the defendant below from a judgment recovered by the plaintiff in the New Jersey Supreme Court, Passaic County Circuit, on the following facts:

On September 4th, 1930, at noon, the automobile of the defendant Henry L. Smith, then under the control and management of his chauffeur, Hornstra, was traveling along Gregory avenue, in the city of Passaic, in a westerly direction. The plaintiff's decedent, a messenger boy aged sixteen, was riding his bicycle on the same street in an easterly direction. A collision took place, resulting in such serious injuries to the plaintiff's intestate that he died the same day. The trial court denied defendants' motion for a nonsuit and for a directed verdict.

The refusal of the court to nonsuit the plaintiff or direct a verdict in favor of the defendants is presented as error and argued upon the ground that there was no negligence on the part of the defendants that was the proximate cause of the happening and that the plaintiff's intestate was guilty of contributory negligence which was the proximate cause of the injuries and death. Now, if there was any negligence proven on the part of the defendants, or if there were any facts in the case from which such negligence could legitimately be inferred, or if the proofs on the question of contributory negligence were doubtful, the motions for nonsuit and direction of verdict were properly denied.

From the proofs submitted, the jury might have found, and doubtless did find, facts supporting the complaint in this case as evidenced by the following testimony:

One witness for the plaintiff, Joseph Berger, apparently disinterested, was near the scene of the accident at the time it happened. He had just gotten into his car, which was

parked at the curb on the right, and heard a crash. Looking up, he saw the plaintiff's intestate lying on the roadway, in a place to the right side of the center line of the road, defendant's car traveling thirty or forty feet after the collision took place. The boy's bicycle, too, was on the right of the center of the road. He further said that he heard no horn sounded as a warning, which fact defendant later admitted.

This accident happened almost in front of where the witness's car was stationed, a distance of about twenty feet away; he further says there was in fact no truck in front of the boy at the time and from behind which he came, as the defendant contends; that the boy was on the right-hand side of the roadway.

This testimony as to the position of the body of the plaintiff's intestate in the roadway, and that he lay well on the right-hand side of the center line of the road after the happening, was corroborated by two other apparently disinterested witnesses.

Now, on the motion for nonsuit, these proofs must be considered in the light most favorable to the plaintiff with all legitimate inferences that may be drawn therefrom and measuring the plaintiff's case by this rule it is plain that the court properly denied a motion for nonsuit.

On the defendants' case, plaintiff's testimony was in great part denied, the chauffeur testifying that the plaintiff's decedent "shot out from behind a truck" and into the left forward part of his automobile. It also indisputably appeared that the defendant's automobile emerged from this happening with a blown out left front tire and with the left door handle sheared off as well as damage to the left-hand tire well on front mudguard used to hold an extra tire. These, too, were significant facts for the jury's consideration, and that proof was likewise corroborated.

Now, as to motion for a direction of verdict, where, from the proofs, diametrically opposite conclusions may be reached, from the facts submitted by both sides, one favorable and the other unfavorable to the plaintiff, and these conclusions re-

late both to the question of the defendants' negligence and to the question of contributory negligence of the plaintiff's intestate, the case should go to the jury. *Consolidated Traction Co.* v. *Chenowith,* 61 *N. J. L.* 554, citing *Bahr* v. *Lombard, Ayres & Co.,* 53 *Id.* 233.

No presumption of negligence on the part of the decedent arises from a mere occurrence of the accident and the presentation by the parties of these discrepant proofs presents a jury question. *Danskin* v. *Pennsylvania Railroad,* 79 *N. J. L.* 526.

The facts in this case must be as measured by the rule laid down in this court that in order to justify a nonsuit or a direction of verdict, where contributory negligence is urged as the ground, such negligence on the part of the decedent must clearly appear conclusively as a fact or by necessary exclusive inference from the proofs. *Pennsylvania Railroad* v. *Middleton,* 57 *N. J. L.* 154; *Danskin* v. *Pennsylvania Railroad Co., supra.* These principles applied to the present case lead to the conclusion that the questions here involved were properly left to the jury.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.    15.

*For reversal*—None.