KATHERINE GRAUSS AND LOUIS GRAUSS, PLAINTIFFS-RESPONDENTS, v. ABRAHAM ALPERT, DEFENDANT-APPELLANT.

Submitted May term, 1933—Decided December 19, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiffs-respondents, *Schneider & Schneider* (*Jacob Schneider,* of counsel).

For the defendant-appellant, *Holmwood & Creighton* (*William E. Holmwood,* of counsel).

PER CURIAM.

The instant appeal presents for review a judgment recovered in the Essex County Circuit Court by the plaintiffs and against the defendant. The facts are that on February 14th, 1931, the plaintiff Mrs. Grauss was crossing Springfield avenue in the city of Newark, at or near the intersection of Eighteenth street, when she was struck by the taxicab of the defendant, then driven and operated by him, as a result of which she received serious injuries.

There are two grounds of appeal urged for a reversal, (a) that the trial judge erred in denying motion for nonsuit; (b) that it was error to deny a motion for a directed verdict.

As to defendant's motion for nonsuit, it is the well settled rule that in passing upon this character of motion all of the

facts that appear in the plaintiff's case must be considered by the court in the light most favorable to the plaintiff as well as every legitimate inference that may properly be drawn therefrom.

Now, the plaintiff says that she made observations before crossing this roadway; that she looked to the right, which was the direction from which the defendant's car came, before starting to cross, and that during the progress of her crossing she made another observation to the left and saw nothing until the moment before this "cream and blue" colored taxicab was upon her; that she was struck by it, hurled through the air up to or against an automobile that was parked on the northerly side of the said roadway.

From the testimony of the plaintiff herself, and other witnesses, then the jury could reasonably have arrived at the following facts and inferences: That plaintiff was struck by the defendant's taxicab and thrown against the mudguard of a parked car on the right since, coincident with the happening, it appeared that the defendant's taxicab passed the parked cars; that the defendant's car proceeded after the happening a distance of from fifty to sixty feet to half a block before it stopped; that one witness went after the defendant, hailed him and thereupon he returned to the scene of the accident; that the defendant's car was the only automobile passing at the moment and in the immediate vicinity; that the impact was heard by several witnesses who were more distant from the immediate scene than the defendant; that the sound of no horn was heard by any witness; that the defendant's car was going "fast," as one witness puts it, or "very fast," as another witness puts it.

Now, if the testimony of the plaintiff was believed, the jury would be justified in concluding that she used that degree of care which a reasonably prudent person would exercise in crossing this highway, and if that be so, the question of her alleged contributory negligence would have to be determined by the jury. Again, under these facts and inferences, it became a fact question as to whether the negligence of the defendant, if he was negligent, was the proximate cause of the injury and, finally, from the testimony elicited, it is

obvious that whether or not the defendant was actually negligent became a fact question.

On a motion for nonsuit, since these proofs must be considered in the light most favorable to the plaintiff, it is obvious that the court properly denied motion for nonsuit. *Hammersma* v. *Smith,* 110 *N. J. L.* 523; 165 *Atl. Rep.* 555.

As to the motion for a directed verdict, the grounds urged for granting of nonsuit were again relied upon and the further ground urged that it appeared from the testimony of the defendant that he hadn't run down the plaintiff. The defendant below, in his own behalf, stated that it was not his automobile that struck the plaintiff. We think this, too, presented a fact issue for the jury. *Mistretta* v. *Docterman,* 109 *N. J. L.* 498; 162 *Atl. Rep.* 658

An examination of the record discloses that the defendant's story is in conflict with the testimony of the plaintiff's witnesses. This presents the very situation where the function of the jury operates—to determine where the truth lies. He said that as he approached the intersection of Eighteenth street he slowed up; that there were cars in front of him and that he saw a crowd gather, because of this accident, and he was then hailed and stopped. Plaintiff's witnesses, it will be remembered, testified that he was stopped in the middle of the block west of where the accident occurred. These discrepant views of course present a fact situation where the minds of reasonable persons might differ. This is the test as to when a motion for directed verdict should be granted and where the minds of reasonable men would differ, as here, obviously the determination of that fact issue is one for the jury.

It should also be observed that the appellant's brief does not argue the question as to lack of negligence on the part of the defendant, perhaps for the excellent reason that if the jury believed the plaintiff's witnesses there was plenary evidence of negligence on the part of the defendant. *Podolsky* v. *Sautter,* 102 *N. J. L.* 598; 133 *Atl. Rep.* 199.

The judgment is affirmed, with costs.