EDWARD MALINOWSKI, INFANT, BY JOHN MALINOWSKI, HIS NEXT FRIEND, PLAINTIFF-RESPONDENT, v. JERSEY CITY AND LYNDHURST BUS COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT, AND JOSEPH BEDNARSKI, DEFENDANT.

Submitted October 27, 1933—Decided January 5, 1934.

For the respondent, *Elias G. Willman.*

For the appellant, *Barison & Barison (Morris E. Barison,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment recovered by the plaintiff against the defendant Jersey City and Lyndhurst Bus Company in the Supreme Court Circuit of Hudson County. The record discloses the following facts: Plaintiff, an infant, was invited by Joseph Bednarski (who was a defendant below but in whose favor the jury returned a verdict of no cause of action) to ride in his automobile. He entered the car, which Bednarski proceeded to drive westerly on Hoyt street and across Schuyler avenue, an intersecting street, in the town of Kearny, New Jersey. An auto bus of the Jersey City and Lyndhurst Bus Company was proceeding in a southerly direction along Schuyler avenue. The right rear of the automobile in which the plaintiff was riding struck against or was struck by the left front bumper of the auto bus which was turning westerly into Hoyt street with the result that the Bednarski car was thrown against a telegraph pole, having first been "spun around" in a left-hand direction so that its right side was well nigh demolished and the infant plaintiff seriously injured.

The jury returned a verdict in favor of the plaintiffs, viz., the infant, Edward, for his injuries; his father, John Malinowski, for expenses, and his mother, Bessie Malinowski, for loss of services.

The appellant urges that the trial court was in error in denying its motion for a nonsuit on the ground that there was no evidence of any negligence on the part of the defendant bus company which was the proximate cause of the injuries sustained.

Our study of this record convinces us that the appellant attacks the weight of the evidence produced rather than the failure of proof of negligence. There is testimony to support the view that the driver of the automobile, in which the infant

was a passenger, proceeded westerly on Hoyt street, stopped at the intersection of Schuyler avenue, saw the bus on his right, a distance of two hundred and fifty feet or more, at a standstill, and that he proceeded cautiously across Schuyler avenue, which is fifty feet in width, at a speed of about five miles an hour, while in that same interval of time the bus started up, traveled the block of two hundred and fifty feet, which obviously meant that the bus traveled five times as fast as the Bednarski car, and crashed into the lighter vehicle.

By the same token there is evidence to support the view that the Bednarski car was driven at a high rate of speed across the intersection of Schuyler avenue, striking into the left front of the bus with such force that it spun around and crashed into a telegraph pole.

These diametrically opposite views of what actually occurred presented a question for the jury and the jury determined it adversely to the appellant. This court, on appeal, cannot concern itself with the weight of the testimony. That is a matter that should have been presented to the trial court on the argument of a rule to show cause. It is also elementary that in passing upon motions to nonsuit and for direction of a verdict the trial court cannot weigh evidence but must accept as true all evidence which supports the view of the party against whom the motions are made and must give to him the benefit of all legitimate inferences which may be drawn therefrom favorable to his case. *Andre* v. *Mertens,* 88 *N. J. L.* 626; *Barry* v. *Borden Farm Products,* 100 *Id.* 106; *Fine & Jackson, &c.,* v. *Lehigh Valley,* 110 *Id.* 385, 387.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.