WALTER HEENAN, PLAINTIFF-APPELLANT, v. HORRE COAL COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October term, 1933—Decided February 20, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Bennett A. Robbins* (*Edward A. Markley,* of counsel).

For the respondent, *Charles F. Howell* (*Robert H. Brenner,* of counsel).

PER CURIAM.

This is an appeal from the judgment of the Hudson County Court of Common Pleas on a verdict directed by the trial judge in favor of the defendant and against the plaintiff. These facts and circumstances appeared. The plaintiff below

(appellant here) was unquestionably a trespasser on the property of the defendant coal company and had gone to the coal yard of the defendant to pick up and collect loose coal. He was ordered off the premises by the watchman and proceeded to go, the watchman who ordered him, following. As he left the property the watchman fired a shot from a revolver into the back of the plaintiff.

This suit is brought on the ground, first, that the defendant was answerable for the willful and wanton injury inflicted on the plaintiff by its employe.

The trial court directed a verdict in favor of the defendant upon the theory that the watchman was acting outside the scope of his employment when he shot the plaintiff and that the shooting took place immediately off the premises of the defendant.

Four grounds for reversal are set down by the appellant which resolve themselves into but one point, namely, the court should not have directed a verdict because under the facts in this case a question for the jury was presented. We think that the appellant is right in his contention and that the court fell into reversible error in directing a verdict in favor of the defendant.

The plaintiff himself was the only witness in support of his claim. Mr. Horre, president of the defendant corporation, was the only witness for the defendant. The watchman who did the mischief was not called as a witness although the record shows he was in court at the trial of the case. The plaintiff testified that he knew the watchman, Seader, as having been watchman for a space of three years; that the said watchman had used a gun previously at the coal yard, the plaintiff explicitly saying, "he used to shoot to scare us." This shooting of the plaintiff took place on December 28th, 1931. Plaintiff, in his direct testimony, further said that this same watchman, on another occasion, just prior to Christmas, had shot at him. The plaintiff also testified that for several years he knew that this watchman use to chase people out of the coal yard.

On the night in question, it appears that the plaintiff was ordered by the watchman to leave the property. He started

to obey and was in the act of leaving when he was shot in the back.

Mr. Horre, for the defense, admitted that Seader was employed as a watchman; claimed he was not provided with a revolver; that the watchman had charge over all of the property of the defendant; the watchman took the revolver from a desk in the office; the revolver was the property of the defendant, and Seader apparently used it. Mr. Horre further said that he didn't know whether the watchman had a revolver or not nor did he know that he ever fired it at anyone and disclaimed giving orders to this watchman to carry or not to carry a revolver or to eject trespassers. In other words, the watchman seems to have been without any specific instructions from anyone as to what he was to do except, as Mr. Horre said, to be watchman.

On motion for a directed verdict, the plaintiff's story is of course to be taken as true together with all of the legitimate inferences that the testimony will support and applying this rule to the facts in this case we think it was error to direct a verdict. In passing upon motions to direct a verdict the court cannot weigh evidence but must take as true all testimony which supports the view of the party against whom the motions are made. *Skiba* v. *Hmieleski,* 106 *N. J. L.* 597; 150 *Atl. Rep.* 334; *Andre* v. *Mertens,* 88 *N. J. L.* 626; 98 *Atl. Rep.* 693; *Hammersma* v. *Smith,* 110 *N. J. L.* 523; 165 *Atl. Rep.* 555. The plaintiff's story was that the defendant's watchman had frequently ejected people from the premises and had shot off his revolver from time to time; further, that he had fired at this plaintiff only a short time before. Unquestionably the conduct was willful, wanton and malicious and the defendant is responsible therefor if such conduct was within the scope of the employment. Under the facts and circumstances of this case we think that issue should have been sent to a jury for determination. *Carey* v. *Hamburg American, &c.,* 72 *N. J. L.* 56 (at *p.* 57); 60 *Atl. Rep.* 179; *West Jersey and Seashore Railroad* v. *Welsh,* 62 *N. J. L.* 655; 42 *Atl. Rep.* 736.

The judgment of the Hudson County Court of Common Pleas is therefore reversed, and a *venire de novo* awarded.