BERNARD COOK, PLAINTIFF-RESPONDENT, v. MAX BERG,
DEFENDANT-APPELLANT.

Submitted May term, 1934—Decided November 9, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
BODINE.

For the plaintiff-respondent, *George R. Walsh.*

For the defendant-appellant, *Collins & Corbin* (*Edward
A. Markley* and *Patrick F. McDevitt,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff below recovered
a judgment for personal injuries in the Common Pleas Court
of Union county. While crossing a public highway in Eliza-
beth, New Jersey, he was struck by a taxicab owned and
operated by the defendant. . The sole ground of appeal is that
the trial court should either have granted the defendant's
motion for nonsuit or his motion for a directed verdict on
the ground that the plaintiff, as a matter of law, was guilty
of contributory negligence.

It appears that the plaintiff was crossing north Broad
street from the west to the east side and was using the cross-
walk at the intersection of Mary street. There are two sets
of car tracks on that street, running generally north and
south, and plaintiff had reached the most easterly rail at the
time of the happening which would indicate, according to
the testimony, that he had got across about two-thirds of
the way.

Plaintiff's testimony was that he hurried over the cross-walk, saw a bus about one hundred and twenty-five feet south of him, which would be on his right, coming towards him and that it seemed to be slowing up; that he cautiously watched the approach of the bus and that when it was about twenty-five feet away defendant's taxicab swung from behind the bus and came on at a fast rate of speed, estimated by witnesses as ranging from twenty-five to forty miles an hour. The defendant produced testimony which, if believed, would make out the plaintiff to have been a careless "jay-walker." Disinterested witnesses, on the other hand, testified to facts which corroborated plaintiff's description of the happening. In this posture of affairs it was not error to have denied both the motions for nonsuit and for direction of verdict on the score of contributory negligence of the plaintiff. That question was for the jury. *Overend* v. *Kiernan*, 5 *N. J. Mis. R.* 704; 137 *Atl. Rep.* 881; *Hammersma* v. *Smith*, 110 *N. J. L.* 523; 165 *Atl. Rep.* 555; *Malinowski* v. *Jersey City and Lyndhurst Bus Co.*, 112 *N. J. L.* 103; 169 *Atl. Rep.* 636.

The judgment is affirmed, with costs.