VINCENT CAMMARATA, FRIEDA CAMMARATA, MARIA SANFILIPPO, JOHN SANFILIPPO and MATTEO SANFILIPPO, by His Guardian ad Litem, JOHN SANFILIPPO, Respondents, v. NASSAU APPLIANCE CO. and PAUL E. JAPPE and MAX V. JAPPE, Doing Business under the Firm Name and Style of NASSAU APPLIANCE Co., Appellants, and FRANK KESSLER, Defendant.— Plaintiffs' automobile was struck in the rear and upset by a light delivery truck owned by the appellants. The accident took place on a Sunday afternoon, and appellants' truck was being driven by "a colored man." The scene of the accident was at Eastern parkway and Fulton street, in Brooklyn, Kings county. The foregoing facts appear to have been conclusively established. Appellants gave evidence that on Saturday they left their truck with a repairman on Hillside avenue, Jamaica, Queens county. The truck was to be repaired on Sunday, and, after being repaired, was to be returned to appellants on Monday morning. On Monday morning the repairman reported to appellants that the truck had been stolen some time after two P. M. on Sunday; and appellants recovered their truck from the police on Monday. Both the owner of the truck and the repairman testified that the nature of the repairs was such that no road test of the truck was necessary; and the repairman testified that no road test was in fact made after the repairs had been completed on Sunday. Appellants' evidence in the foregoing respects is uncontradicted. Plaintiffs produced witnesses who testified that some time before the accident on Sunday they heard conversations between the repairman and a colored man named

Roper who, they testified, was helping the repairman at the repairman's place of business; and that in the conversations the repairman and Roper said they would take the truck down to visit Roper's wife and at the same time give the car a road test. One of these witnesses also testified that he saw the truck leave the repairman's place of business with both the repairman and Roper on it. Judgment entered on the verdict of a jury in favor of plaintiffs reversed on the law, with costs, and the complaint dismissed, with costs. In a case where it is sought to impose liability on an automobile owner without direct fault on his part, it was error to admit the testimony of third persons alleged to have heard conversations between the repairman and Roper. In view of the established fact that the accident, according to the testimony, took place a great distance away from the repairman's place of business, and of all the competent evidence in the case, the only conclusion that can be drawn reasonably from the uncontradicted evidence is that the driver of appellants' truck at the time of the accident operated the car unlawfully and without permission. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368.) Lazansky, P. J., Adel and Taylor, JJ., concur; Davis, and Close, JJ., dissent and vote to reverse and grant a new trial on authority of *Jorgensen* v. *Jaeger* (257 N. Y. 171).