522

## JONES v. KING.
### No. 7489.

United States Court of Appeals for the
District of Columbia.
Argued May 14, 1940.
Decided June 17, 1940.

J. Harry Welch and C. Booker Powell, both of Washington, D. C., for appellant.

William R. Lichtenberg, David A. Hart, and Joseph B. Danzansky, all of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and VINSON, Associate Justices.

EDGERTON, Associate Justice.

Appellee has recovered damages for injury by appellant's automobile. Appellant had a monthly storage and delivery contract with a garage, and at the time of the accident one of its employees was delivering the car to her, as she expected, in response to her telephone call. She did not select the driver. There was evidence that he was negligent. The sole question is whether the District Court was right in instructing the jury to find for appellee if he was free from contributory negligence and if his injury was caused by the negligence of the driver.

The instruction was plainly right. The Code of the District provides that "Whenever any motor vehicle * * * shall be operated * * * by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner * * *."[1] As this statute dispenses with the common-law requirement of actual agency as a condition of the owner's liability, Forrester v. Jerman, 67 App.D.C. 167, 90 F.2d 412, the common-law cases which appellant cites are not in point. It is immaterial that appellant's consent was given indirectly, through the garage.[2] In order to perform its contract with her, it had to furnish a driver. It is also immaterial that consent was given for the owner's own purposes and not, as in the Forrester case, for the accommodation of a friend.[3]

---

[1] D.C.Code, Supp. V., Tit. 6, § 255b; 49 Stat. 166.
[2] Zuckerman v. Parton, 260 N.Y. 446, 184 N.E. 49.

[3] Zuckerman v. Parton, supra; Mistretta v. Docterman, 109 N.J.L. 498, 162 A. 658.

Appellant urges that there was a bailment here. This is true, but immaterial. Since the bailment was created by the owner's consent, the statute covers it. Most consents to the operation of a car in the owner's absence, including the loan in the Forrester case, involve bailments.

Affirmed.