Charles E. Russell, Off. Ref.
On December 4, 1953, at approximately 8:00 a.m., defendant Jacobson left an automobile owned by him with defendant Liss, Inc., ‘ ‘ to have my brakes repaired.” At 5:30 p.m. on said date this car was returned. The evidence discloses that during the interim defendant Liss, Inc., had dispatched an employee named Williams, who was an unlicensed driver, with the Jacobson car to a location in the Ridgewood section of Brooklyn and that at a point two or three miles distant from said service station when said unlicensed driver Williams was partly turning from Suydam Street into Wilson Avenue, there being a stop-sign thereat, said automobile struck the infant plaintiff herein, causing her the injuries complained of.
The factual evidence further discloses that the infant plaintiff, Jeannette Malone, then 14 years of age, was with a younger sister, crossing Wilson Avenue at said intersection at the hour of 4:45 p.m. on said date and had reached a point three or four feet approximately from the far curb when she suddenly *1003 became aware that the automobile in question was bearing down upon her from the left, without advance notice or warning, at which time in order to avert peril from her younger sister she hesitated long enough to push her from danger to the nearby curb and was immediately struck by the front of said car. While an unlicensed driver may not necessarily be a trespasser upon the highway yet when said lack of license is found to be one of the causative links toward an accidental injury to person or property, as is found in this case, negligence may be attributed to the driver (Clark v. Doolittle, 205 App. Div. 697).
In addition, it is found that at the time plaintiff and her sister attempted this crossing it was at the intersection of two public city thoroughfares and that at the time of thus starting the way was clear, the light conditions were good, and under such circumstances plaintiff had the right of way over said vehicle to cross in safety to the other side, provided she was in the exercise of due care under the circumstances, and might not be charged with contributory negligence, especially as here by a driver suddenly turning into her path.
Indeed, plaintiff’s action in thus increasing her own peril by momentarily hesitating in order to rescue her infant sister therefrom would absolve her from contributory negligence under such circumstances and none such is found on her part herein. As to rescuing another from peril, ‘ ‘ The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons ” (Eckert v. Long Island R. R. Co., 43 N. Y. 502, 506).
Where one leaves an automobile at a service station having reason to assume needed repairs thereto might require a test-drive by the latter, the owner is not absolved from negligence as the garage owner may be deemed his agent for such purpose under section 59 of the Vehicle and Traffic Law. (Zuckerman v. Parton, 260 N. Y. 446.)
However, from the facts recited it is found that even though defendant Jacobson had reason to assume needed repairs by defendant Liss, Inc., would require such a test and thus he might be charged with implied assent to such use, this consent can only be implied as to lawful acts on the part of defendant Liss and clearly not from a personal usage by the latter for other than a required test for a reasonable distance and period of time at the hands of one lawfully entitled to be entrusted with a motor vehicle on or about the streets of New York, and was not by any implication an element as against defendant-owner.
*1004 Defendant Liss having offered no evidence in its defense at trial, the facts are to be construed favorably to plaintiff as well as all inferences to be resolved therefrom.
At a future hearing as to damages, decision will be rendered for plaintiff against defendant Liss, Inc., Service Station based upon its unlawful and negligent usage of this car and the complaint will be dismissed as to defendant Jacobson, in compliance with a motion made at trial upon which decision was reserved. The foregoing with due exception to all involved parties. Counsel will arrange a satisfactory date for the hearing of such evidence. Judgments to follow.