█ FREDERICK G. CELANI, an Infant, by JOSEPH CELANI, His Father and Natural Guardian, et al., Respondents, v. INTERSTATE MOTOR FREIGHT SYSTEMS, INC., et al., Appellants. (Action No. 1)— Judgment unanimously reversed on the law and facts and new trial granted, with costs to appellants to abide the event. Memorandum: Defendants Interstate Motor Freight System and International Harvester Co. appeal from a judgment of Erie Trial Term which awarded damages to plaintiffs for injuries sustained by them when a trailer tractor owned by defendant Interstate Motor and operated by an employee of defendant International Harvester collided with an automobile occupied by the respective plaintiffs. The verdicts rest upon a finding implied therein that International Harvester employee Majerowicz was acting within the scope of his employment at the time of the accident. Majerowicz testified that the tractor had been brought into the shop for water leaks and transmission oil leaks. After he completed the work he inspected it. No further test was required for the water leak but a road test was needed to test for the transmission oil leak. Ten minutes before the commencement of his lunch hour, he took the vehicle out for the road test, intending to stop at his home for lunch. The accident occurred before he arrived at his destination. His testimony was contradicted by International service manager and shop foreman both of whom testified that the type of work involved did not require road testing and by his own prior inconsistent statements. On the day following the accident he signed an accident report which stated that he was using the vehicle for a personal purpose and that he did not have permission to do so. Four months thereafter he signed a further statement that the tractor was in good mechanical condition after he did the repairs; that it did not require road testing; that no one gave him any permission to test drive or use it in any way and that he decided to use it anyway to go home on his lunch hour. An owner is liable when an accident occurs during a road test incidental to the garageman's repair of his vehicle but he is not liable if the

garageman or his employees put the vehicle to a personal use. (*Zuckerman* v. *Parton*, 260 N. Y. 446; *Malone* v. *Liss, Inc.*, 5 Misc 2d 1002.) The garageman is responsible for the acts of his employee performed within the scope of his employment. In this case the findings implicit in the verdict that Majerowicz was acting within the scope of his employment and that he was road testing the tractor at the time of the accident are against the weight of the evidence. While such issues of fact usually are to be determined by the jury, " we are not required to give credence to a story so inherently improbable that we are morally certain it is not true." (*Bottalico* v. *City of New York*, 281 App. Div. 339, 341; *Cavadi* v. *New York City Tr. Auth.*, 7 A D 2d 299; *Goldstein* v. *Lentino Constr. Corp.*, 8 A D 2d 274.) (Appeal from Judgment of Erie Trial Term in automobile negligence action.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.