■   JOHN M. KEANE, as Administrator of the Estate of MICHAEL KEANE, Deceased, Respondent v CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County (Kirschenbaum, J.), entered July 9, 1976, upon a jury verdict in favor of the plaintiff, in an action for wrongful death,

unanimously affirmed, with $60 costs and disbursements of this appeal payable by appellants to respondent. A policeman was the only witness who testified that he saw this accident in which a six-year-old boy was killed by a city sanitation truck that proceeded from a stop on the wrong side of the street. That the officer testified that the boy "darted" in front of the truck in such a manner that he may have been outside the normal range of the driver's vision does not preclude a prima facie case. The truck was operating in violation of a statute. If there was a blind spot immediately in front of the truck, the driver had no right to proceed without further precautions. The driver had two loaders whose function he said was to "guide" him. The defendants contend also that the officer's testimony was rendered too unreliable for belief by prior inconsistent statements in accident reports that he signed. While such statements may affect credibility, that issue is reserved for the trier of the fact unless the court can declare with moral certainty that the trial testimony is so inherently improbable that it cannot be true (Bottalico v City of New York, 281 App Div 339, 341). Judged by this criterion, the jury verdict should not be overturned. The officer gave a coherent and plausible account on the trial, and that would compel a jury assessment of credibility even in the face of prior inconsistent statements or conflicting testimony (Wadsworth v Delaware, Lackawanna & Western R. R. Co., 296 NY 206). Here, not only was there no conflicting testimony by other witnesses (cf. Celani v Interstate Motor Frgt. Systems, 30 AD2d 772), but the officer supplied an explanation—errors by the recorders in reducing his statements to writing—for the inconsistencies in the accident reports. Concur—Murphy, P. J., Lupiano, Silverman, Lane and Lynch, JJ.