C. H. BALDWIN, Appellant, v. B. R. PARSONS, Appellee.

**NEGLIGENCE:** Automobile Driven by Member of Family. Proof of ownership of an automobile and proof that, at the time in question, the automobile was being operated by the minor child of the owner create a rebuttable presumption that it was being operated under the authority of the owner.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

FEBRUARY 17, 1922.

ACTION for personal injuries occasioned by plaintiff's being struck by an automobile driven by the defendant's son. The court directed a verdict for the defendant, and plaintiff appeals. —*Reversed.*

*C. H. E. Boardman,* for appellant.

*F. E. Northup,* for appellee.

FAVILLE, J.—The appellant's petition alleges that, on or about the first day of November, 1919, the appellee was the owner of an automobile which was being operated for him and in his behalf by his son, Vern Parsons, who was at that time in the employ of the appellee, and operating said car by the authority of the appellee. The petition alleges negligence in the operation of said car, resulting in damages for which recovery is sought. The appellee filed an answer, in which he "admits that he owns a certain automobile which was being driven and operated by his son," and pleads a general denial and contributory negligence. The appellant proved the facts and circumstances surrounding the injuries and the damages resulting therefrom, and rested his case. The appellee filed a motion for a directed verdict, on the ground that there was no evidence to show that the minor son of the appellee, who was driving the car at the time in question, was so engaged for any business or purpose of the appellee, or was operating the same by the authority of the appellee. The motion for a directed verdict was sustained. It should have been overruled.

The case comes squarely under our holding in *Landry v. Oversen,* 187 Iowa 284, where we had under consideration a similar situation. In said cause, we said:

"As minor daughter of the owner and member of his family, she was something more than a mere chauffeur. She was one of those for whose pleasure and convenience the car was kept. When so operated, the machine was being used in one of the enterprises or in the business of the owner. *Collinson v. Cutter,* 186 Iowa 276; *Daily v. Maxwell,* 152 Mo. App. 415 (133 S. W. 351); *Stowe v. Morris,* 147 Ky. 386 (39 L. R. A. [N..S.] 224). The rule is well established that proof that defendant owned the automobile at the time his daughter was operating the same

made out a prima-facie case that the vehicle was then in his possession, and that she was operating it for him. *Birch v. Abercrombie*, 74 Wash. 486 (50 L. R. A. [N. S.] 59) ; *Edgeworth v. Wood*, 58 N. J. L. 463 (33 Atl. 940) ; *Schulte v. Holliday,* 54 Mich. 73; *Norris v. Kohler*, 41 N. Y. 42; *Seaman. v. Koehler*, 122 N. Y. 646 (25 N. E. 353). This, however, is a mere inference that an owner probably is in control of his own property, and is to be given no greater weight than is required to compel the owner to identify those operating the vehicle, and explain by what authority, if not his own, it is being run. Although an automobile is not *per se* a dangerous agency (*House v. Cramer*, 134 Iowa 374; *McNeal v. McKain*, 33 Okla. 449 [41 L. R. A. (N. S.) 775]), it usually moves at a high speed; and a person injured, or others, after it has passed, at least experience difficulty in recognizing its driver or other occupants. The owner may be ascertained, however, by noting the number on the car, and by an examination of the official registration thereof. The owner may well be assumed to know how and by whom his property is being used, and if he deny that the automobile was being operated for him, it is not too much to exact from him a showing of the facts claimed to sustain such denial; and such is the rule. This does not change the burden of proof. That continues on the complaining party throughout the trial. See *Graham v. Courtright*, 180 Iowa 394. The proof of ownership of the automobile at the time of the collision merely makes out, *prima facie,* that the automobile was being operated for the owner; and to avoid a finding to this effect, there must be some showing to the contrary.''

In the instant case, it is admitted by the pleadings that the appellee owned the automobile in question, and that, at the time of the accident, it was being driven and operated by his minor son. Under the rule announced by us in the *Landry* case, this made out a prima-facie case that the vehicle was in appellee's possession, and that his son was operating it for him at the time. If it was his contention that it was being operated without his authority, there should have been some showing to that effect.

The *Landry* case is conclusive on the question involved. We do not, however, wish to be regarded as announcing the doc-

trine that the owner of an automobile is, as a matter of law, liable for all negligence in its operation by his minor son or daughter, or other member of his family. The most which can be said for the cited precedent and other cases of its class is that they are authority for holding that proof of the defendant's ownership of the car, its use for family convenience and pleasure, and its operation by his minor child, is sufficient to make a prima-facie showing of his authority or consent to such use by said child. There is neither statute nor rule of common law which makes the parent, as such, liable for the torts of his minor child. We go as far as reason and enlightened sense of justice require when we hold the parent liable for the negligence of his child in doing that which he authorizes or permits to be done; and the burden is upon a plaintiff suing to enforce such liability to show that such authority or permission, express or implied, was given to the child to whose want of due care the injury complained of is chargeable. The boy or girl who takes possession of the father's car without his consent or approval is neither his agent nor employee, and the mere fact of their family relationship implies no authority for such act. In view of the prima-facie showing in this case, the issues should have been submitted to the jury. The judgment of the trial court is—*Reversed.*

STEVENS, C. J., WEAVER, EVANS, and ARTHUR, JJ., concur.