Rose Olinger, Administratrix, Appellee, v. Louis Tiefenthaler et al., Appellants.

No. 44676.

April 4, 1939.

Ross Sifford and Floyd E. Page, for appellants.

D. M. Kelleher, R. A. Knudson, and Horace J. Melton, for appellee.

Stiger, J.—This is an action for damages to the estate of

Dale Olinger who died from injuries received in a collision between an automobile driven by plaintiff's intestate and an automobile driven by defendant Roland Thorpe and owned by Louis Tiefenthaler. The jury returned a verdict for the defendants.

This appeal is solely on behalf of Louis Tiefenthaler, owner of the car driven by defendant Roland Thorpe. The only form of verdict submitted to the jury contemplating a judgment for either or both of defendants is verdict number 3, which reads:

"Verdict No. 3. We, the jury in the trial of the above entitled cause, find for the defendants."

The jury returned its verdict for both defendants, using verdict No. 3.

A special interrogatory, submitted to the jury with the instructions, and the jury's answer is as follows:

"Special Interrogatory No. 1. Do you find from the evidence that at the time of the collision herein involved the defendant, Roland Thorpe, was driving the Chevrolet automobile with the consent of Louis Tiefenthaler? Answer: No."

Appellant's first assignment of error reads:

"The court erred in granting a new trial as to the defendant, Louis Tiefenthaler, as the jury's answer to the special interrogatory conclusively shows that Louis Tiefenthaler could not be held liable and the said answer constitutes a special verdict for the defendant Tiefenthaler."

The position of appellant is that his liability for damages is based on section 5026 which provides that where damage is done by a car driven with the consent of the owner, the owner is liable for such damage if caused by negligence of the driver; that the special finding of the jury that Roland Thorpe drove appellant's car without his consent constitutes a special verdict for appellant, which verdict is conclusive and ended the case because the jury found that the fact upon which plaintiff sought to make appellant respond in damages did not exist; that the special verdict was a binding adjudication making him immune to a motion for new trial, and therefore, the motion for a new trial should have been overruled as to appellant.

849

The Code sections material to this issue are 11511, 11512 and 11513, which read:

"11511. General or special. The verdict of a jury is either general or special. A general verdict is one in which they pronounce generally for the plaintiff or for the defendant upon all or upon any of the issues.

"11512. Special defined. A special verdict is one in which the jury finds facts only; it must present the ultimate facts as established by the evidence, and not the evidence to prove them, so that nothing remains to the court but to draw from them its conclusions of law.

"11513. Findings. The jury in any case in which it renders a general verdict may be required by the court, and must be so required on the request of any party to the action, to find specially upon any particular questions of fact, to be stated to it in writing, which questions of fact shall be submitted to the attorneys of the adverse party before argument to the jury is commenced."

■ A special verdict must present to the jury all the ultimate facts or issues in the case, that is, a special verdict is in lieu of a general verdict. Special findings must also be of ultimate, not evidentiary, facts, which determine some issue in the case. A special interrogatory under Code section 11513 may refer to one or more ultimate facts or issues. If the answer to the interrogatory is decisive of the case, it may constitute a special verdict. For cases on special findings and verdicts, see Helphrey v. Chicago & R. I. R. R. Co., 29 Iowa 480; Morbey v. Chicago & N. W. Ry. Co., 116 Iowa 84, 89 N. W. 105; King v. Chicago R. I. & P. R. R. Co., 185 Iowa 1227, 172 N. W. 268; Farmers Savings Bank v. Burr Forbes & Son, 151 Iowa 627, 132 N. W. 59; Evans v. City of Council Bluffs, 187 Iowa 369, 174 N. W. 238.

In this case, the jury returned a general verdict for defendant. In returning this general verdict, the jury must have found either (1) contributory negligence; (2) no negligence on the part of the driver, Roland Thorpe; (3) no consent by appellant. The special finding that appellant did not consent explained the general verdict for appellant. If no general verdict had been returned for appellant, the special finding, which

found the ultimate fact decisive of the case in favor of appellant, would have constituted a special verdict on which the trial court could have rendered judgment for appellant, as nothing remained for the court but to draw from it his "conclusions of law".

If we were to concede appellant's contention that the special interrogatory and answer constituted a special verdict, a new trial may be granted whether the verdict be special or general. It is true, as contended by appellant, that the court may, on a motion for new trial, sustain the motion as to some defendants and deny it as to others of the defendants, and that a new trial may be awarded as to one or more counts and refused as to other counts "where this can be done without danger of confusion or prejudice." Weyer v. Vollbrecht, 208 Iowa 914, 224 N. W. 568; Keller v. Gartin, 220 Iowa 78, 85, 261 N. W. 776, 780.

These rules do not sustain appellant's proposition that it was error to grant a new trial to both defendants.

The motion for a new trial was on several grounds. It alleged error in giving instructions pertaining to contributory negligence. The motion also alleged the verdict was the result of passion and prejudice; that the court erred in overruling objections interposed by plaintiff to defendants' evidence, and in sustaining objections interposed by defendants to plaintiff's testimony. The motion asked that the judgment and finding of the jury be set aside as to both defendants.

There cannot be a reversal if any of the grounds for a new trial were good as against appellant. He did not attempt in his brief and argument to show that none of the grounds was good. It follows there can be no reversal on this assignment.

II. Appellant also alleges that the court erred in overruling appellant's motion for a directed verdict because the evidence shows that he did not expressly or impliedly consent to the driving of his car by Roland Thorpe. We are of the opinion that the motion was properly overruled.

Appellant lived on a farm seven miles from Carnarvon. He owned two Chevrolet automobiles, 1933 models, which he purchased in 1933. The accident occurred on December 25, 1933.

The reason given by appellant for having two cars is that

his children used one of the cars in driving to school. Appellant's brother, William Tiefenthaler, and Roland Thorpe resided in Carnarvon. Some time during the latter part of July 1933, and about two weeks after he purchased the second car, he permitted his brother William to take the car to Carnarvon and use it. The record shows that William did not keep the car in Carnarvon constantly but would return it from time to time to appellant's farm. When William had possession of the car at Carnarvon, he, on many occasions, invited Roland Thorpe to ride with him in the car and permitted him to drive it. Thorpe obtained the permission of William Tiefenthaler to drive the car on the day of the accident, which was the only time, according to his testimony, that he drove the car alone.

Appellant stated:

"The defendant, Roland Thorpe, did not ask permission of me to drive my Chevrolet automobile on Christmas Day, 1933. I did not know that he had ever driven the automobile before the accident happened."

The defendant Thorpe testified:

"The car belonged to Louis Tiefenthaler, and I had asked Bill Tiefenthaler, who then lived in Carnarvon, if I could take it on that day. Bill Tiefenthaler is a brother of Louis Tiefenthaler, but they live in separate places. At the time of this accident, Louis Tiefenthaler lived on a farm four or five miles from Carnarvon. I did not ask Louis Tiefenthaler if I could take the car on that day, and at no time prior to that day had I ever asked Louis Tiefenthaler if I could drive his car. The permission I had on Christmas day, 1933, was from Bill Tiefenthaler."

Proof of ownership establishes, prima facie, that the car was being operated for the owner.

In the case of Landry v. Oversen, 187 Iowa 284, 286, 174 N. W. 255, 256, the court states:

"The owner may well be assumed to know how and by whom his property is being used, and if he deny that the automobile was being operated for him, it is not too much to exact from him a showing of the facts claimed to sustain such denial; and such is the rule."

In the case of Seleine v. Wisner, 200 Iowa 1389, 1392, 206 N. W. 130, 131, the court, in referring to the inference of consent arising from ownership of the car, which inference is not a strong one, states:

"This is a mere inference, and is recognized as a weak one, but sufficient to compel the owner to identify those operating the vehicle and explain by what authority, if not his own, the car was operated."

In determining this issue, the reasonableness or unreasonableness of the character of the testimony and facts and circumstances casting doubt or uncertainty on the evidence, though uncontradicted, may be considered. Neither the testimony of appellant nor the testimony of Thorpe amounted to a positive, clear statement that appellant had not consented to the driving of his car by Thorpe. William Tiefenthaler was not called as a witness. Appellant testified that his brother had his permission to use the car and from July 1933, to the date of the accident, the car was at his farm part of the time and in his brother's possession at Carnarvon part of the time. He knew the extent of the authority he had granted his brother William and if it were a fact that his brother did not have authority to permit others to drive the car and he had not consented to the driving of his car by Thorpe, he should have so testified. It was his duty to state, so far as he was able, the facts on which he relied to sustain his denial of consent and to explain "by what authority, if not his own, the car was operated", and he did not do so.

The testimony referred to above is equivocal, vague and unsatisfactory and we cannot say as a matter of law that appellant's evidence overcame the inference of consent. See Lange v. Bedell, 203 Iowa 1194, 212 N. W. 354; Heavilin v. Wendell, 214 Iowa 844, 241 N. W. 654, 83 A. L. R. 872.

Finding no error, the case is affirmed.—Affirmed.

MITCHELL, C. J., and BLISS, RICHARDS, SAGER, OLIVER, HALE, and MILLER, JJ., concur.