EDNA BRIDGES, Administratrix, Appellee, v. HENRY WELZIEN
et al., Appellants.

No. 45663.

NOVEMBER 18, 1941.

REHEARING DENIED MARCH 13, 1942.

Harvey Uhlenhopp and James E. Coonley, for appellee.

Wayne F. Kemmerer and Leming & Hobson, for appellants.

BLISS, J.—Just two questions are submitted for our determination. One is whether the trial court erred in submitting to the jury the issue of whether the truck, at the time of the collision, was being driven with the consent of its owner. The other question is whether the court erroneously stated the law in instructing the jury on this issue. The principles of law which apply are well settled. Passing to the facts which determine whether the issue was rightly submitted to the jury, we find that the father was engaged in drainage construction work, in which business the truck involved was used. The son, Wallace, was an employee of his father, and among his other duties, used the truck in his father's business. Both the father and son are married, and live across the street from each other in the town of Dows. About half of the time the truck was kept at the home of the son. It is conceded by the appellants that the son, with the consent of his father, had for some time driven this truck in the conduct of his own affairs, and for the business and pleasure of himself and his wife. But appellants also claim that thereafter the father procured for his son an old Whippet car and told him to use it in his own affairs, and not to use the truck for himself or family "if it was not necessary." There is testimony that after the son had the Whippet, he continued to use the truck for the business and pleasure of himself and family. A disinterested witness, the town night marshal, testified to having seen him "drive the truck up town after supper two or three times a week and maybe oftener." On a few of these occasions, his wife would be with him. Some of these times, they would drive to a show, and return home in the truck. He also testified that he had seen the son drive the truck on Sunday four or five times, and sometimes his wife was with him. This witness testified that since the collision, he had seen the son drive the truck. Another neighbor saw the son drive the truck. One of these times was the Sunday before the collision.

On Sunday, October 29, 1939, the day of the collision, the

8

son and his wife were to have dinner with his wife's sister's family at Ackley, about 14 miles away, and the wife wished to take some baby clothes to her sister. The Whippet could not be started, and the son went across the street to get his father's Pontiac passenger car to use, but his mother told him his father had driven it to the town of Williams. The son then took the truck and he and his wife went on their way to Ackley. It is clear that the trip was in no way connected with the father's business. The intersection collision occurred about 5 miles from Dows. There is nothing in the record to show that the father had any knowledge of this trip until afterwards.

I. The plaintiff based her right of recovery solely upon section 5037.09 of the 1939 Code which provides that where damage is caused by the negligence of one driving the car, with the consent of its owner, the latter is liable. As this court has said at different times, the defense of nonconsent is one which can be easily made, with little probability that it can be met with direct refutation. It is not necessary that the plaintiff adduce such direct testimony. When the ownership of the motor vehicle is admitted, as it is in this case, a prima facie case is made on this issue by the plaintiff, or as it is sometimes expressed an inference, or a presumption is created that the vehicle was being operated with the consent of the owner, and there must be sufficient showing to the contrary if the owner would avoid that finding. The plaintiff may aid this inference of law by direct evidence and by proof of facts and circumstances from which inferences may be drawn. As we have said, this inference is not a strong one, and it in no way changes the burden of proof. The owner may oppose the inference by such admissible testimony as may be available to him. But such testimony, though positive and direct, is not necessarily conclusive. It may be weakened or rebutted by facts and circumstances, or by its own inherent weakness or unreasonable character. The weight of the testimony and the credibility of the witnesses depend upon the facts and conditions as shown by the record in each case. This particular issue, as it comes before the courts, is one which the average jury is peculiarly well fitted to pass upon and arrive at a correct conclusion.

While, as we have stated, plaintiff bottoms her case

wholly upon the statute, and claims nothing under any strictly respondeat superior, or master and servant, relation, or the "family car doctrine," there are points of similarity between the latter and the relationship of the defendants to this truck. It was not necessary for the plaintiff to establish express consent of the father for this particular trip. It may be implied from past conduct. When Wallace's mother told him his father had the Pontiac, and he then took the truck, there is no evidence that she mentioned any rule of the father which forbade his doing so. The father admits that he told the boy not to use the truck for his personal needs or pleasure, or those of his wife, when it was unnecessary. He rather left it up to the boy to determine the necessity, and since the latter decided the trip to his sister-in-law came within that classification, the father must be held to his bargain. In our judgment, the able and experienced trial court properly submitted this issue to the jury. The question has been before this court so frequently and so recently that specific reference to any particular case is unnecessary. For cases finding that consent was proven, under the statute and other relevant relationships, see Greene v. Lagerquist, 217 Iowa 718, 252 N. W. 94; Landry v. Oversen, 187 Iowa 284, 174 N. W. 255; Baldwin v. Parsons, 193 Iowa 75, 186 N. W. 665; Lange v. Bedell, 203 Iowa 1194, 212 N. W. 354; McCann v. Downey, 227 Iowa 1277, 290 N. W. 690; Seleine v. Wisner, 200 Iowa 1389, 206 N. W. 130; Napier v. Patterson, 198 Iowa 257, 196 N. W. 73; Wolfson v. Jewett Lumber Co., 210 Iowa 244, 227 N. W. 608, 230 N. W. 336; Tigue Sales Co. v. Reliance Motor Co., 207 Iowa 567, 221 N. W. 514; Allbaugh v. Ashby, 226 Iowa 574, 284 N. W. 816; Olinger v. Tiefenthaler, 226 Iowa 847, 285 N. W. 137; Enfield v. Butler, 221 Iowa 615, 631, 264 N. W. 546; Mitchell v. Automobile Underwriters, 225 Iowa 906, 281 N. W. 832; Halfpap v. Gruis, 199 Iowa 757, 202 N. W. 592; Robinson v. Bruce Rent-A-Ford Co., 205 Iowa 261, 215 N. W. 724, 61 A. L. R. 851.

For cases holding that consent had not been established, see Robinson v. Shell Petroleum Corp., 217 Iowa 1252, 251 N. W. 613; Hunter v. Irwin, 220 Iowa 693, 263 N. W. 34; Hall v. Young, 189 Iowa 236, 177 N. W. 694; Mooney v. Canier, 198 Iowa 251, 197 N. W. 625; Curry v. Bickley, 196 Iowa 827,

195 N. W. 617; Rowland v. Spalti, 196 Iowa 208, 194 N. W. 90; Reynolds v. Buck, 127 Iowa 601, 103 N. W. 946; Alcock v. Kearney, 227 Iowa 650, 288 N. W. 785; Usher v. Stafford, 227 Iowa 443, 288 N. W. 432; Heavilin v. Wendell, 214 Iowa 844, 241 N. W. 654, 83 A. L. R. 872; McLain v. Armour & Co., 205 Iowa 343, 218 N. W. 69.

■ II. The only complaint which appellants make of Instruction VI, wherein the court states the law with reference to the prima facie case on the issue of the father's consent by reason of his admission of ownership of the car, is in the use of the word "presumption" instead of the word "inference." While the two words are sometimes used interchangeably, many courts have drawn a distinction between the two. These courts speak of a presumption as a "mandatory deduction which the law expressly directs shall be made in a particular situation, while an inference is no more than a permissible deduction which the trier of the facts may adopt, without an express deduction of law to that effect." The same authority from which we quote also states: "The line of cleavage in this respect is, at best, a tenuous one, traceable more to the confusing nomenclature upon the subject of inferences and presumptions than to any generic distinction." 20 American Jurisprudence, section 162, page 165.

This court in speaking of this particular matter has used the word "inference" more often than the word "presumption." At other times, we have used the phrase "prima facie." In Lange v. Bedell, supra (203 Iowa 1194, 1196), the words "presumption" and "presumptively" are used. In the following cases both expressions are used: Hall v. Young, supra (189 Iowa 236, 241, 242); Landry v. Oversen, supra (187 Iowa 284, 286, 287); Rowland v. Spalti, supra (196 Iowa 208, 211, 194 N. W. 90, 91), where the court said:

"* * * he was entitled to meet and rebut the *inference* or *presumption* of consent * * *."

An appellate court in passing upon alleged errors in instructions should always keep in mind the query: "Is it reasonably probable that the instruction as given misled the jury to the prejudice of the complaining party?" Attorneys might

quibble over a distinction in the two words, but it is far from likely that this jury did, or any jury would, give any thought to the matter.

Finding no error in either assignment, the judgment must be and it is affirmed.—Affirmed.

MILLER, C. J., and MITCHELL, STIGER, OLIVER, HALE, GARFIELD, and WENNERSTRUM, JJ., concur.