IOWA MUTUAL INSURANCE COMPANY, a corporation, appellee, v. LLOYD H. COMBES, d/b/a Combes Standard Service, et al., appellants.

IOWA HARDWARE MUTUAL INSURANCE COMPANY, appellee, v. LLOYD H. COMBES, d/b/a Combes Standard Service, et al., appellants.

### No. 51530.

(Reported in 131 N.W.2d 751)

DECEMBER 15, 1964.

Sifford, Wadden & Davis, of Sioux City, for appellants Lloyd H. Combes, d/b/a Combes Standard Service, and LeRoy C. Peters.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellant Miller Excavating Company.

Stilwill, Wilson & Rhinehart, of Sioux City, for appellee Iowa Mutual Insurance Company.

Stewart & Hatfield, of Sioux City, for appellee Iowa Hardware Mutual Insurance Company.

GARFIELD, C. J.—Iowa Mutual Insurance Company and Iowa Hardware Mutual Insurance Company respectively brought these law actions as assignees of their insured, one Coyne, of his claims for damages resulting from a collision of three motor vehicles at an intersection in Sioux City, causing a truck to strike and injure Coyne's refreshment stand. Defendants are Miller Excavating Company (herein called Miller), owner of the truck, Combes, employer of the driver of the truck, and Peters, the driver. Other defendants, owners or drivers of the other two vehicles, were absolved from liability by the trial court and their joinder as defendants may be disregarded.

The actions were consolidated and tried to the court without a jury. From findings and judgments for plaintiffs against the three named defendants they have appealed. However, Combes and Peters have filed no briefs and apparently abandoned their appeals. Only plaintiffs and Miller thus remain as active parties to the appeal.

The trial court found the proximate cause of the collision and resulting damage to plaintiffs' assignor was Miller's negligence in not equipping the truck with adequate brakes and Peters' failure to keep it under control. Also that Peters was driving the truck with Miller's implied consent and therefore under section 321.493, Code, 1962, it was liable for Peters' negligence.

Miller assigns two principal errors. They are directed to 1) the finding of inadequate brakes, and 2) failure to direct a verdict for Miller (or dismiss the case) on the ground it did not consent to Peters' driving of the truck.

In considering these errors the evidence will be viewed in the light most favorable to plaintiffs—this is also the light most favorable to the trial court's judgments. Its findings of fact have the effect of a special verdict and are binding upon us if supported by substantial evidence.

I. At the time of the accident Miller was excavating dirt in the Sioux City area. It had six or seven large trucks there, each with a driver, one of whom was Temme. Some of the trucks were equipped with a radio. Temme acquired a radio from a fellow driver and obtained permission of Bartlett to have it installed in the truck Temme drove. Bartlett was Miller's superintendent in charge of the trucks and drivers and was its highest representative in Sioux City.

Combes operated a gasoline service station and had a contract with Miller to repair tires on its trucks. On the morning of June 6, 1962, the day of the accident, Temme drove his truck to the Combes station for repair of a flat tire which was removed from the truck and replaced with another tire. Temme asked Combes if "they" could install the radio in the truck. Combes replied they did not do that type of work. Temme then talked with Combes' employee, Peters, who said he could install the radio. Combes gave his consent if they found time.

During the noon hour Temme returned with the truck, leaving it in a parking lot across an alley from Combes' station, perhaps 100 feet away. Peters was to install the radio that day, then leave the truck at the side of the street and put the ignition key under the floor mat so Temme could get it the next morning before the station opened for business. Bartlett was at the station with Temme. The finding is warranted Bartlett heard the talk between Temme and Peters, made no objection and repeated the direction as to where the truck was to be left; also that he knew Temme left the truck in the parking lot.

Peters later drove the truck from the parking lot to the station and installed the radio but it did not function properly. Mr. Boe, operator of a radio repair shop three blocks from Combes' station, happened in the station about 2:30 and Peters told him of the trouble with the radio. Boe said the truck would have to be driven to his shop for him to fix the radio. At Combes' direction Peters drove the truck the three blocks to Boe's shop to have the radio repaired.

After Boe fixed the radio Peters drove the truck down hill toward the Combes station on the same street. About halfway Peters applied the brakes and they functioned properly. However, about three-fourths block from the intersection where the station was located Peters again applied the brakes and they did not function. His efforts to stop or reduce speed were to no avail, the collision with the other two vehicles followed, the truck striking and injuring Coyne's place of business diagonally across the intersection from the Combes station. Details of the collision and damage to Coyne's establishment need not be stated.

■ II. Before considering the assigned error in the finding of inadequate brakes on the truck, we may observe that if there were error in this regard it would not support a reversal. As stated, the trial court found proximate negligence in two respects—inadequate brakes and failure to keep the truck under control. Miller does not challenge the finding as to lack of control and it is sufficient to support plaintiffs' claims that the driver's negligence caused the damage. The finding as to inadequate brakes was not essential to recovery and any error therein, based upon claimed insufficient evidence, must be deemed without

prejudice. Purcell v. Chicago & N.W. R. Co., 117 Iowa 667, 668, 91 N.W. 933, 935; In re Estate of Dashiell, 250 Iowa 401, 403, 94 N.W.2d 111, 112, and citations. See also Thompson Wholesale Co. v. Frink, 257 Iowa 193, 131 N.W.2d 779.

III. In any event we are not persuaded the finding as to inadequate brakes was error. Section 321.430, Code, 1962, requires every motor vehicle to be equipped with brakes adequate to control the movement of and stop and hold the vehicle, including two separate means of applying the brakes, each of which shall be effective to apply the brakes to at least two wheels. If these two means are connected in anyway they shall be so constructed that failure of one part of the mechanism shall not leave the vehicle without brakes on at least two wheels.

■ A long line of decisions commencing with Kisling v. Thierman, 214 Iowa 911, 915, 916, 243 N.W. 552, 554, holds, with certain exceptions not here applicable, that violation, without legal excuse, of a statute which prescribes the care required for traffic safety constitutes negligence per se. Such decisions involving violation of the statute requiring adequate brakes include Amelsburg v. Lunning, 234 Iowa 852, 14 N.W.2d 680; Kohler v. Sheffert, 250 Iowa 899, 96 N.W.2d 911; Peters v. Rieck, 257 Iowa 12, 131 N.W.2d 529.

■ There is clear evidence that shortly before the collision Peters properly applied the air brakes, the hand emergency brake and the electric emergency brake and none of them functioned. Under the Kohler and Peters decisions, supra, this made a case for the trier of facts in the first instance and required defendants to prove a legal excuse for the violation of the statute. The trial court found insufficient proof of such excuse and the finding is not assailed. Indeed Miller seems not to have contended in the trial court, or here, it had a legal excuse for violation of section 321.430.

Miller argues that failure of the brakes to function may have been due to Peters' lack of experience in using air brakes or his improper application of them. The argument is not supported by the record and is purely conjectural and speculative. There is undisputed evidence Peters had driven trucks equipped with air brakes for two years, knew how to apply them and, as stated, properly did so.

██ Miller contends the finding of negligence in not having adequate brakes was improper unless it was shown it had knowledge of the defective condition. Language quoted from American Jurisprudence in Amelsburg v. Lunning, at page 858 of 234 Iowa, is cited in support of this view. However, that cannot be considered the holding of the Amelsburg case. Kohler v. Sheffert, supra, 250 Iowa 899, 905, 906, 96 N.W.2d 911, rejects a similar contention.

As previously indicated, it seems fairly clear from our decisions that not having a motor vehicle equipped with adequate brakes as required by statute constitutes negligence in the absence of proof of a legal excuse therefor. Any other holding would be a departure from the long line of Iowa precedents previously referred to.

IV. The vital question the appeal presents is whether Miller was entitled to "a directed verdict" or a dismissal on the ground it appears as a matter of law it did not consent to Peters driving the truck. As stated, the trial court found Miller impliedly gave its consent thereto.

The pertinent part of Code section 321.493 provides: "In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage."

The latest of many decisions involving the quoted statute is McKirchy v. Ness, 256 Iowa 744, 747, 128 N.W.2d 910, 912. We cannot improve on this appraisal of our prior decisions found in the McKirchy opinion:

██ "We have frequently said the defense of nonconsent is one which can be easily made, with little probability it can be met with direct refutation. It is not necessary plaintiff adduce such direct testimony. When ownership of the motor vehicle is admitted, as it is here, a prima facie case is made on this issue by plaintiff, or as it is sometimes expressed an inference, or a presumption is created that the vehicle was being operated with consent of the owner, and there must be sufficient showing to the contrary if the owner would avoid that finding. Plaintiff may aid this inference of law by direct evidence and by proof of facts

and circumstances from which inferences may be drawn. As we have said, this inference is not a strong one, and it in no way changes the burden of proof. The owner may oppose the inference by such admissible testimony as may be available to him. But such testimony, though positive and direct, is not necessarily conclusive. It may be weakened or rebutted by facts and circumstances, or by its own inherent weakness or unreasonable character. The weight of the testimony and credibility of the witnesses depend upon facts and conditions as shown by the record in each case. This particular issue, as it comes before the courts, is one which the average jury is peculiarly well fitted to pass upon and arrive at a correct conclusion. Our earlier cases which consider these matters are ably discussed and well summarized in Bridges v. Welzien, 231 Iowa 6, 300 N.W. 659. See also Anderson v. Lehner, 243 Iowa 851, 52 N.W.2d 513; Harms v. Ridgeway, 245 Iowa 810, 64 N.W.2d 286. * * *

"When, as here, the issue of consent is tendered by pleading and proof the issue is for the trier of the fact unless the defendant's evidence conclusively rebuts the inference of consent."

Much of the quoted language is a substantial repetition of what is said in Bridges v. Welzien, 231 Iowa 6, 300 N.W. 659, after a review of our decisions up to then under the consent statute. The McKirchy case, like this, was tried without a jury. We approved the trial court's finding (page 751 of 256 Iowa, page 914 of 128 N.W.2d), "there is substantial evidence of facts and circumstances from which inferences may reasonably be drawn refuting the owner's denial of consent and holding that there was implied consent given by Sanborn [owner] for operation of the truck by Ness on the night of the accident."

We are inclined to approve a similar finding here. As previously observed herein, the evidence must be viewed in the light most favorable to plaintiffs—and to the trial court's judgments. Our question is whether, when so considered, the court's finding has substantial support. If so it is conclusive here. It was proper for the trial court to start with what some of our decisions refer to as an inference, and some as a presumption, that the truck was being driven with Miller's consent. (Bridges v. Welzien, supra, considers this question of inference or presumption.)

■ Some facts and circumstances strengthen the inference —or presumption—referred to. Miller intrusted this truck to Temme who obtained Bartlett's consent to have the radio installed. Temme was told the Combes station did not make a practice of installing radios in motor vehicles and knew neither Combes nor Peters was a radio repairman. Bartlett had reason to believe this. There is much evidence that Peters' instructions were to install the radio *and see that it was in working order.* Peters testified Temme "told us to get it fixed, to do whatever we had to do if it didn't work." And this was to be done that same day so the truck would be ready for use early the next morning.

Bartlett knew that when Temme drove the truck to the Combes station to have the radio installed he left it in a parking lot across an alley, perhaps 100 feet distant, and the ignition key was also left. Both Temme and Bartlett knew Peters would probably drive the truck from the parking lot to the station and consented that he do so. And both men instructed Peters to drive the truck to the side of the street when the job was completed. "It was a custom on Miller's trucks that Peters or someone there would drive them within the small area for parking purposes. This was known to Bartlett."

Although Bartlett testified the truck drivers were told no one else was to drive them "without our permission", there is testimony an employee of another filling station, where "gas" and oil were purchased for the trucks, drove one of them on a primary highway. And when the truck and ignition key were left near the Combes station neither Combes nor Peters was told the truck was not to be driven.

Under all the circumstances it seems reasonable that Temme, with Bartlett's knowledge, impliedly consented that if the radio when installed did not function properly Combes or Peters could drive it three blocks up the same street if necessary to have repairs made to the radio.

■ Miller's brief calls attention to language in Johnson v. Selindh, 221 Iowa 378, 380, 381, 265 N.W. 622, to the effect that a car owner is not liable for the negligence of a garageman in towing the car to his garage while it is in his possession, on the theory that the garageman is an independent contractor, not the

owner's agent. It seems to be counsel's thought, although not directly asserted, that Combes was an independent contractor of Miller and therefore it would not be liable to plaintiffs under section 321.493 for damage done by the negligence of Combes' employee, Peters.

The language to which attention is called refers to the rule at common law and was not intended to limit the effect of the statute to cases where the owner of the car would be liable for the driver's negligence irrespective of the statutory provision. If the statute were so limited it would obviously be superfluous. We have never held an owner who consents that his car be driven by another is not liable under section 321.493 for damage done by the driver's negligence if the latter is an independent contractor. The statute makes no such exception and we should not engraft one upon it. The only facts which must be proven to render the statute applicable are 1) damage done by negligence of the driver, and 2) the owner's consent to the driving.

Robinson v. Bruce Rent-a-Ford Co., 205 Iowa 261, 264, 265, 215 N.W. 724, 61 A. L. R. 851, 854, holds that notwithstanding a contrary rule at common law, the bailor of an automobile is liable under what is now section 321.493 for damage done by the bailee's negligent driving. These excerpts from the opinion apply here:

"[The statute] is broad, comprehensive, and unequivocal in its terms and meaning. It makes the owner liable for damages to third persons resulting from the negligent operation of a motor vehicle by any person in possession thereof and operating the same with his consent. * * *

"There can be no question as to the meaning or scope of the language used in section 5026 [now 321.493]. It cannot be so construed as to relieve the owner from liability for damages caused by the negligent operation of a motor vehicle by another having possession thereof and operating the same with his consent."

The Robinson decision is approved in Tigue Sales Co. v. Reliance Motor Co., 207 Iowa 567, 573, 221 N.W. 514, and Greene v. Lagerquist, 217 Iowa 718, 721, 252 N.W. 94. To like effect are Lind v. Eddy, 232 Iowa 1328, 1334–1336, 6 N.W.2d 427, 430, 431,

146 A. L. R. 695, 700; Sexton v. Lauman, 244 Iowa 570, 575–579, 57 N.W.2d 200, 202–204, 37 A. L. R.2d 353.

Greene v. Lagerquist, supra, repeats what we- have quoted and more from Robinson v. Bruce Rent-a-Ford Co. and holds what is now section 321.493 renders a lessor of a motor vehicle liable for damage done by negligent driving of his lessee.

Lind v. Eddy, supra, contains this:

"The statute recites no exceptions. The language is clear, definite and unqualified. * * *.

" 'The statutory liability depends upon two things: the consent of the owner to the use of the car by the driver, and the negligence of the driver'. * * *

"The owner was made liable by legislative fiat in cases where no agency, master and servant, or other relationship existed through which the negligence of the driver could be imputed to the owner."

While there is some authority in other jurisdictions to the effect that an owner is not liable under somewhat similar statutes for damage done by the negligent driving of his motor vehicle by an independent contractor, there is considerable outside authority for the view we have expressed.

Volume 8 Am. Jur.2d, Automobiles and Highway Traffic, section 577, page 132, states: "* * * in a number of jurisdictions statutes have been enacted which render the owner of a motor vehicle liable for the negligent operation of his vehicle by one to whom he has granted permission to operate or use it, which statutes have been held to apply to the operation of one's motor vehicle by an independent contractor."

Idem, section 578, page 134, states such statutes "have been held applicable to vehicles operated while in the custody of garagemen." See also idem, section 595, page 150, and section 609, page 160. At this last citation it is said that under such a statute "an owner has been held liable for damage caused by the negligent operation of his vehicle by a garage employee, despite the fact that the garage may have had the vehicle as bailee for repairs or storage." See also annotation 35 A. L. R.2d 805, 820–822.

Decisions which support the view we have expressed include

Jones v. King, 72 App. D. C. 257, 113 F.2d 522; Zuckerman v. Parton, 260 N. Y. 446, 184 N.E. 49, 50, 51; Shannon v. Samuels, 278 N. Y. 510, 15 N.E.2d 670. Zuckerman v. Parton because of similarity of facts particularly supports our decision here.

V. Miller also assigns as error that the trial court erroneously placed upon it the burden to prove Peters was not driving with its consent. The record does not support this assignment. Nowhere did the trial court place upon Miller the burden to prove nonconsent. There is nothing to indicate the court was under any misapprehension as to the rule that the burden of proof on the issue of consent was upon plaintiffs.

We find no error in any respect assigned and argued by Miller. Hence the judgments are—Affirmed.

All JUSTICES concur.