Alphonse T. SCHNEBERGER, Appellant,

v.

James H. GLENN and Esther Ann Stegeman, Appellees,

v.

Larry James LIVINGSTON, Third-Party Defendant.

Leona (Mrs. Alphonse T.) SCHNEBERGER, Appellant,

v.

James H. GLENN and Esther Ann Stegeman, Appellees,

v.

Larry James LIVINGSTON, Third-Party Defendant.

No. 54004.

Supreme Court of Iowa.

May 5, 1970.

Paul D. Strand, Decorah, for appellants.

Miller, Pearson & Gloe, Decorah, for appellees.

REES, Justice.

Appellants Alphonse T. Schneberger and Leona Schneberger instituted separate actions for damages against appellees, Esther Ann Stegeman, the owner, and James H. Glenn, the operator of an automobile involved in a collision in which appellants sustained injury. On trial of consolidated causes, at close of plaintiffs' evidence, court sustained appellee Stegeman's motion to direct a verdict in her favor, and subsequently overruled appellants' motion for a new trial. We affirm the trial court.

This appeal grows out of an automobile accident, which occurred about one-half mile south of the city limits of Decorah on U. S. Highway 52. The appellants were proceeding in a southerly direction, and the defendant, James Glenn, was proceeding northerly, operating a 1965 Mustang automobile owned by appellee Stegeman,

when the two automobiles collided. Both appellants sustained injuries, and instituted separate suits which were consolidated for the purposes of trial and are consequently both appellants here. The automobile being operated by the defendant Glenn was owned by appellee Esther Ann Stegeman, a music student at Luther College in Decorah as was the defendant Glenn. Glenn had obtained the use and possession of appellee's automobile from the third-party defendant, Larry James Livingston, a music instructor at Luther College, for the purpose of driving from Decorah to Ossian where he was doing substitute teaching of music in an Ossian school. He was on his return to Decorah when the accident occurred. The third-party defendant, Livingston, had been granted the use and was in possession of appellee's automobile by virtue of her volunteering its use to him while his automobile of identical make and model was being repaired, and while appellee was on a week-long concert tour with the Luther College band. At the close of plaintiffs' evidence, and after plaintiffs had rested, appellee Stegeman moved for a directed verdict on the grounds the evidence conclusively showed that defendant Glenn did not have her consent either expressed or implied to operate her car, and urged that any presumption created by Stegeman's ownership of the automobile had been conclusively rebutted by the evidence. The trial court sustained the motion to direct a verdict in favor of appellee Stegeman, and subsequently overruled appellants' motion for a new trial. The only issue raised by this appeal is whether or not the trial court erred in directing a verdict for appellee Stegeman, thereby concluding as a matter of law the evidence was conclusive and consistent in showing no consent, either expressed or implied, to defendant Glenn's use of the automobile owned by appellee. We must determine whether upon the record the evidence showing lack of consent is so conclusive and consistent it precludes a factual determination of the consent issue by the jury.

I. In passing upon motions to direct verdicts for a defendant, the court is required to view the evidence in the light most favorable to the plaintiff it will reasonably bear. Culbertson v. Anderson, 251 Iowa 265, 268, 100 N.W.2d 633. If reasonable minds might differ on the evidential questions, then a fact or jury question is presented and the motion to direct the verdict should be overruled. Fortgang Bros., Inc. v. Cowles, 249 Iowa 73, 78, 85 N.W.2d 916. A movant for a directed verdict must be considered as admitting the truth of all evidence offered by the adverse party and every favorable inference which may be fairly and reasonably deduced therefrom. LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 939, 11 N.W. 2d 36. A jury question is engendered where facts are not in dispute or not contradicted if reasonable minds might draw different inferences from them. 58 I.C.A., Rules of Civil Procedure, rule 344(f), paragraphs 2, 17. Demers v. Currie, 258 Iowa 507, 510, 139 N.W.2d 464. With the above well-established principles guiding our consideration, we now proceed to consider the factual and legal issues raised by this appeal.

II. The liability, if any, of appellee Stegeman is based upon the inference arising under section 321.493, Code, 1966, "In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage." An excellent summary of the case law interpreting the foregoing statute is found in the leading case of McKirchey v. Ness, 256 Iowa 744, 747, 748, 128 N.W.2d 910, 912. McKirchey, supra, holds that where ownership of an automobile involved in an accident is admitted or is proved by the adverse party, a prima facie case of consent is made out, or that the vehicle was being operated with the consent of the owner under the provisions of section 321.493, Code. The owner of the vehicle is required to make a sufficient showing of non-consent in order to overcome the

prima facie presumption. The inference arising under the cited section does not change the burden of proof and is not such an inference as may not be rebutted by competent and admissible testimony, although such testimony even though positive and direct is not necessarily conclusive. It may be weakened or rebutted by facts and circumstances, or by its own inherent weakness or the unreasonableness of its character. McKirchey, supra, reaffirms and supports previous Iowa cases in which the court held the issue of consent is one which the average jury is peculiarly well fitted to pass upon. See Anderson v. Lehner, 243 Iowa 851, 853, 52 N.W.2d 513; Harms v. Ridgeway, 245 Iowa 810, 812, 64 N.W.2d 286; Bridges v. Welzien, 231 Iowa 6, 8, 300 N.W. 659.

III. The question of consent, express or implied, to the use of an automobile by a second permittee has been the subject of much litigation in this and other jurisdictions. Cases of consent drivers arising under the Omnibus Clause of automobile liability insurance policies involve the same issues and considerations as concern us on this appeal. Therefore cases involving determination of the consent issue under the Omnibus Clause are applicable to consent cases arising under the Iowa owner's liability statute, section 321.493, Code. Priester v. Vigilant Insurance Company, D.C., 268 F.Supp. 156, 162.

Where the owner of a vehicle involved in an accident has specifically and expressly forbidden his first permittee to delegate authority for its use to anyone, then no implied authority to third parties or second permittees can be found. See Heavilin v. Wendell, 214 Iowa 844, 848, 241 N.W. 654; Robinson v. Shell Oil Company, 217 Iowa 1252, 1258, 251 N.W. 613; Usher v. Stafford, 227 Iowa 443, 449, 288 N.W. 432. In the last cited cases, and in Anderson v. Lehner, supra, verdicts in favor of the defendant-owners of a motor vehicle were directed as in each case the court found direct evidence of non-consent and that the showing of non-consent was unrebutted either by facts or surrounding circumstances.

■ The generally accepted rule relating to delegation of authority to second permittees is discussed in 7 Am.Jur.2d, Automobile Insurance, § 116, p. 431. As a general rule permission to a first permittee on the part of the owner of an automobile to use the same does not authorize the first permittee to allow a third party to use it; however, this rule has been greatly modified and now in every case where the first permittee allows another to use the automobile a factual determination must be made as to whether or not the initial grant of permission was broad enough to include an implied grant to the first permittee of authority to give another use of the automobile and thus render the second permittee an additional insured under the Omnibus Clause. See also annotation 4 A.L.R.3d 1, et seq. In a case involving the issue of consent to a second permittee by the owner's first permittee, the court held in Gillen v. Globe Indemnity Company, 5 Cir., 377 F.2d 328 (1967), in favor of the insurer of the owner in a declaratory judgment action, and relieved the insurer of the obligation to defend where the second permittee did not have consent either express or implied of the owner-insured. In Gillen, supra, the owner-insured had instructed his 17-year old daughter who lived at home not to let anyone else drive the car he had bought for her use. Other than such express restriction she had general use of the automobile. An accident occurred when the daughter permitted her boy friend to drive th same, and the trial court sitting without a jury found the owner's express limitation even in the face of otherwise unrestricted permission to use the car was sufficient to nullify any implied consent to the second permittee. The court made a lengthy examination of the problem of consent, and by way of dictum said, "Where insured allows another a relatively unrestricted use of a car but is silent as to whether a permittee can allow third parties to use it, a majority of cases have held that the un-

restricted permission carries with it an implied authority to allow third parties to use the car consistent with the original permission. The first permittee with unrestricted authority to use the car is said to have been placed in the shoes of the named insured, and the permission of the first permittee is deemed to be consent of the insured for purposes of Omnibus Clause coverage." Gillen v. Globe Indemnity, supra, page 331. In accord therewith see Krebsbach v. Miller, 22 Wis.2d 171, 125 N.W.2d 408, 4 A.L.R.3d 1.

◼ IV. Consent to the use of an automobile by a second permittee may be shown by circumstances surrounding use or by a course of conduct on the part of the owner of the vehicle consistent with the first permittee's grant of authority or inconsistent with the owner's testimony as to express restriction to its use. Lange v. Bedell, 203 Iowa 1194, 1197, 212 N.W. 354; Wolfson v. Jewett Lumber Co., 210 Iowa 244, 255, 256, 227 N.W. 608, 230 N.W. 336; Harms v. Ridgeway, supra. These cases seem to support the proposition that a showing of circumstances inconsistent with a claimed express limitation on use creates or tends to create a fact question for the jury even in the face of the direct testimony of the owner of express restrictions or lack of consent to delegate use of the vehicle to a second permittee.

V. Ultimately our determination of this appeal must rest on an examination of the facts of the case with a view to determining whether non-consent was so conclusively shown as to support a direction of the verdict by the trial court in favor of the appellee. The appellee admitted ownership of the automobile in question which was being driven by the defendant Glenn, thus bringing into play the inference of consent under section 321.493, Code, 1966. There is evidence that third-party defendant Livingston had used the car five or six times prior to the time it came into his possession at the time he loaned it to the defendant Glenn. On the other occasions the third-party defendant Livingston used

the automobile there were apparently no restrictions placed on his use of the same. The record discloses that appellee approached third-party defendant Livingston a few days prior to March 11, 1967 (the accident occurred on March 13), and volunteered the use of her car to him. Livingston's car was being repaired at the time and appellee was leaving on March 11 for a one-week tour with the college band, and was traveling by bus and would not be using the automobile. At the time of the conversation between appellee and Livingston prior to March 11 there was no discussion of the limitation of the use of the car by Livingston, nor any discussion as to his authority or lack of authority to delegate its use. Subsequent to the date upon which she orally volunteered the use of her car to Livingston, but prior to her departure on the band concert tour, appellee indicated to a fellow student, one Craig Durant that he could have the use of her car to attend a concert in St. Olaf, but after such proffer of use to Durant, but prior to leaving on the band tour, the appellee delivered the keys to the car to Livingston together with a note. It is the note upon which both the appellee and the trial court relied to direct the verdict in favor of appellee Stegeman. The note reads as follows,

"Mr. Livingston, Here is the car! When you get yours back, maybe you could just leave this at Korsrud, but please keep the keys! I told Craig (?) he could use it to go to St. Olaf, but changed by mind. Please tell him I'd rather not have anyone use it while I'm gone. Thanks a lot. See you in a week! Esther."

Appellee argues, and obviously the trial court accepted appellee's view that the note on its face is a clear and unambiguous restriction on Livingston's use of appellee's automobile. Appellee contends that her instruction to Livingston to "keep the keys" and the fact that there was only one set of keys to the car and that the car would not start without them, are additional circumstances indicating conclusively that

Livingston was not to permit anyone else to use the automobile. Appellants, on the other hand, argue that the language of the note is ambiguous and is not so conclusive as to support a directed verdict. Appellants urge that the sentence in the note referring to the keys could be rationally interpreted as an instruction to keep the keys after Livingston had secured his own car from the repair shop and no longer needed the use of appellee's auto. Such sentence, appellants contend, refers to a point in time after the appellee's car had served Livingston's purposes, and as such could be rationally interpreted as an instruction simply not to leave the keys secreted in the car on the parking lot, and that such a request would be logical as a measure to prevent theft of the automobile. Appellants also contend the sentence in the note referring to Livingston's not permitting anyone else to use the car is ambiguous and could reasonably be interpreted as an express restriction only on Livingston's lending the car to Craig Durant, but is not restrictive as to his loaning it to others. The record also discloses the car had been loaned to defendant Glenn on one prior occasion by the appellee. We have read the note with care. We perceive no ambiguity in the same. A fair reading of the note in the light of the arguments and propositions urged by both appellants and appellee leads us to conclude the note in question was an express limitation on the use of the automobile by anyone other than third-party defendant Livingston. We are unable to conclude the arrangement, if such the original contact can be called, between appellee and Livingston some days prior to the date the note, car and its keys were delivered to third-party defendant Livingston, in any sense extended the restrictive provisions of the note itself. Neither are we able to conclude that the prior use of the automobile in question by Livingston, or by Glenn are circumstances which in any event give rise to authority on Livingston's part to permit the use of appellee's automobile in the face of the express restrictions on its use contained in the note. In Curry v. Bickley,

196 Iowa 827, 195 N.W. 617, the court, at page 832, 195 N.W. at page 619, said,

"The inference that a car is being operated at a given time by the owner, or with his consent, does not require that every case shall go to the jury where the undisputed and uncontroverted evidence establishes the facts so conclusively that the inference is overcome."

"When, as here, the issue of consent is tendered by pleading and proof the issue is for the trier of the fact unless the defendant's evidence conclusively rebuts the inference of consent." McKirchey v. Ness, supra, 256 Iowa page 747, 128 N.W.2d page 912.

"The trial court was right in directing the verdict for the owner for the only evidence in the record was the evidence of nonconsent. When such evidence stands uncontradicted and unrebutted by any facts or circumstances indicating consent there is nothing for the court to do but direct the verdict." Anderson v. Lehner, supra, 243 Iowa page 846, 52 N.W.2d page 516.

"Considered in its most favorable light, the testimony of these witnesses laid down only a foundation for conjecture as to Martin's knowledge or consent. We do not find therein anything of substance, distinguished from mere conjecture, upon which the jury could have found that as a matter of fact Martin had knowledge of these alleged instances of Irwin's acts. Without such knowledge, there is no basis of fact on which to infer that Martin had extended an implied consent authorizing Irwin to drive the car at the time in question." Hunter v. Irwin, 220 Iowa 693, 701, 263 N.W. 34.

On the record made we conclude the trial court was justified in determining as a matter of law that the appellee had overcome successfully the presumption of consent arising from the use of her automobile. The action of the trial court in sustaining appellee's motion for direction of

verdict and overruling appellants' motion for a new trial, is affirmed.

Affirmed.

All Justices concur, except BECKER, J., who dissents.